UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK FIAMETTA-MCCONNELL,<br><br>Defendant. | Case No: CR 11-00836 SBA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE** |

Defendant Patrick Fiametta-McConnell ("Defendant") was indicted on charges of Carjacking, 18 U.S.C. § 2119 (Count Two); Hobbs Act Robbery, 18 U.S.C. § 1951 (Count Three); Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1) (Court Four); and Being a Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Counts Five and Seven). On November 19, 2012, Defendant pled guilty to these charges pursuant to a plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. 53. The parties agreed that the Court would use the Sentencing Guidelines to calculate the Defendant's sentence, and that a term of imprisonment in "the middle" of the applicable guideline range constituted a reasonable and appropriate sentence. Id. ¶¶ 7-8.

For sentencing purposes, Counts Two and Three were grouped together—with an offense level of 30—while Counts Four, Five and Seven stood alone. Pursuant to U.S.S.G. § 3D1.4, a multiple-count adjustment resulted in a two level increase, for a combined offense level of 32. Id. ¶ 7. After a three-level decrease for acceptance of responsibility, the total offense level was 29. Id. Thus, with a criminal history category of V, the

applicable guideline range was 140 to 175 months. In keeping with the plea agreement, the Probation Office recommended a mid-range term of 157 months. On July 3, 2013, the Court sentenced Defendant to a term of 157 months' imprisonment. Dkt. 93.[1]

The parties are presently before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), wherein he requests that his custodial sentence be reduced to 130 months based on Amendment 782 to the United States Sentencing Guidelines. Dkt. 125 ("Mot."). In its Sentence Reduction Investigation Report, the Probation Office indicates that Defendant is eligible for a sentence reduction and recommends a custodial term of 146 months. Dkt. 128 ("Report"). The Government concurs that Defendant is eligible for a sentence reduction, but argues that no reduction is warranted in this case. Dkt. 126 ("Opp'n"). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART Defendant's sentence reduction motion, for the reasons stated below.

## I. LEGAL STANDARD

A court generally may not modify a term of imprisonment imposed upon judgment of conviction. Dillon v. United States, 560 U.S. 817, 824 (2010). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroaction pursuant to § 994(u)." Id. at 824.[2] "In such cases, Congress has authorized courts to 'reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

---

[1] The Court imposed separate terms of 157 months on each of Counts Two, Three and Four, and 120 months on each of Counts Five and Seven, to be served concurrently.

[2] Section 3582(c)(2) relief is available to a defendant who pled guilty under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement if "the district court's 'decision to accept the plea and impose the recommended sentence' was 'based on the Guidelines.'" United States v. Davis, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc) (quoting Freeman v. United States, 564 U.S. 522, 534 (2011) (plurality opinion)); accord United States v. Mercado-Moreno, 869 F.3d 942, 953 (9th Cir. 2017). Here, the parties do not dispute that Defendant's sentence was based on the Guidelines.

consistent with the applicable policy statements issued by the Sentencing Commission." Id. at 824-25 (quoting § 3582(c)(2)). Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id. at 826.

Section 3582(c)(2) thus requires a two-step inquiry. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing Dillon, 560 U.S. at 826). First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in U.S.S.G. § 1B1.10. Dunn, 728 F.3d at 1155 (citing Dillon, 560 U.S. at 826-27). This involves the calculation of the amended guideline range that would have been applicable had the relevant amendment been in effect at the time of the initial sentencing by substituting only the amended guideline provisions and leaving all other guideline application decisions unaffected. Dillon, 560 U.S. at 827 (citing U.S.S.G. § 1B1.10(b)(1)). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" Dunn, 728 F.3d at 1155 (quoting Dillon, 560 U.S. at 827).

## II.   DISCUSSION

As acknowledged by the Government and the Probation Office, Defendant is eligible for a sentence reduction pursuant to Amendment 782. See U.S.S.G. § 1B1.10(d). Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified Section 2D1.1 of the Sentencing Guidelines by lowering the base offense level (and corresponding sentencing range) for most drug-related offenses. The Sentencing Commission then adopted Amendment 788, which retroactively applies Amendment 782 to persons sentenced prior to its effective date.

At the time of sentencing, Defendant's total offense level of 29 was based, in part, on a multiple-count adjustment that depended upon the base offense level applied to Count Four—Possession with Intent to Distribute Methamphetamine. The resulting guideline range was 140 to 175 months. Now, after the base offense level on Count Four has been reduced pursuant to Amendment 782, the multiple-count adjustment results in a one level

(as opposed to a two level) increase, for a total offense level of 28. Consequently, the amended guideline range is 130 to 162 months. See Report at 3.

Having determined that Defendant is eligible for a sentence reduction, and taking into consideration his offense conduct and criminal history, as well as his post-sentencing conduct, the Court finds that reducing Defendant's custodial sentence to 146 months is warranted. A sentence of 146 months is consistent with the original mid-range sentence, which was imposed in accordance with the parties' plea agreement and the Probation Office's recommendation. Weighing all the pertinent factors, the Court finds that a mid-range term remains appropriate.

Defendant proffers no compelling reason to further reduce his sentence to 130 months. Defendant urges the Court to consider his "*perfect* disciplinary record" and "good work reviews" while in custody. Mot. at 7 (emphasis in original). Although the Court commends Defendant for these achievements, good behavior while in custody is expected. Moreover, under 18 U.S.C. § 3624(b), the Bureau of Prisons will provide good time credit for compliance with institutional disciplinary regulations.

Further, despite acknowledging that he "aided and abetted a crime that caused harm to another individual," Defendant asserts that a reduction in his sentence will not negatively impact public safety because "he has personally committed little serious violence and has never shot or discharged a firearm at anyone." Mot. at 7-8. Defendant brandished a firearm during the carjacking offense, however, while his accomplice struck a garage attendant in the head with the butt of another firearm. PSR ¶ 10. Given the seriousness of this conduct, and the fact that the presence of an armed accomplice often emboldens other criminal actors, the Court cannot conclude that Defendant poses no danger to public safety simply because he did not personally strike the parking attendant.

At the same time, the Government fails to persuade the Court that no sentence reduction is warranted. The Government argues that Defendant should not receive a sentence reduction because "drug-trafficking constituted a relatively minor part of his criminal conduct." Opp'n at 1. That may be so. Nevertheless, Defendant's drug-related

offense served (and still serves) to increase the applicable guideline range. Indeed, without the drug offense (i.e., Count Four), the applicable guideline range would be 120 to 150 months. Given that Defendant's original sentence of 157 months is outside the upper limit of that guideline range, it was clearly based in some measure on the drug offense.

In view of the foregoing, the Court GRANTS IN PART Defendant's motion for sentence reduction, and reduces his sentence accordingly.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for a reduction of sentence is GRANTED IN PART.

2. Defendant's custodial term is reduced from 157 months to 146 months. Specifically, the Court sentences Defendant to separate terms of 146 months on each of Counts Two, Three and Four, and 120 months on each of Counts Five and Seven, all terms to be served concurrently.

3. This Order terminates Docket 125.

IT IS SO ORDERED.

Dated: February 7, 2018

SAUNDRA BROWN ARMSTRONG
SENIOR UNITED STATES DISTRICT JUDGE